RECEIVED
FEB 1 8 2015
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

PATRICK GEORGE,

            Plaintiff,                          **AMENDED COMPLAINT**

            -against-                  Index No. 15-cv- 0312 (BMC)(LB)

MARIA PARKS,  LEONARD JOBLOVE,              JURY TRIAL DEMANDED

CAMILLE O'HARA GILLESPIE, GAMALIEL

MARRERO, Individually and as Members of the

Brooklyn District Attorney Office, JANE DOE,

JOHN DOE,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff  PATRICK GEORGE ("Plaintiff'), whom is not in Custody nor on Parole,

makes no claims of Malicious Prosecution, Malice, or Innocence, complaining of the

Defendants, respectfully alleges, upon my own Direct Personal Knowledge under All

Penalties of Perjury in this 39 page Complaint, as follows:

<u>NATURE OF ACTION</u>

    1.      This is a civil action, pursuant to 42 U.S.C. §1983, 42 U.S.C. § 242 and *Brady*

*v. Maryland,* 373 U.S. 83 (1963) *("Brady"),* POVENTUD v. CITY OF NEW YORK,

Docket No. 12–1011–cv. Decided: January 14th 19, 2014, COLLINS v. CITY OF NEW

YORK, Docket No.11-00766. Seeking Declatory and\or Injunctive Relief for Defendants

violating the ruling of *Brady v. Maryland*, 373 U.S. 83, in that they failed to Correct the

Court when they knew Materially false\perjured testimony and\or evidence is presented to

1


Submitted
2/18/15 PG

the Court and being used against me.

2.     All Defendants acting under "Color of Law"  - violated, or caused the violation, of Plaintiff's constitutional rights both during the investigation of Probable Cause of the underlying crimes -a -shooting -and Rape- during Plaintiff s subsequent arrest. The District Attorney manufactured the false identification evidence and Testimonial evidence that became the basis for the my indictment and the only evidence of plaintiff's "guilt," and then Failed to correct the Court when this false\Perjured testimony and evidence was presented, and then withheld from the record Plaintiff and his attorneys exculpatory evidence, known as "*Brady* material," that would have shown the falsity of the identification testimony (Indict#11047/90) and false Testimony that any crime happened (Indict#4166/87)

3.     As explained in more detail below, investigator's assigned to the investigation Of Attempted Murder and the separate case of Rape knew any information was unreliable, and false because I was in Police Custody at the time of the shooting and I did not match the description of any shooter nor was there any  on scene  Identification, yet still allowed testimony into arraignment and the Grand Jury (Indict 11047/90)

4.     As to Camille Moreno the District Attorney knew before I was arrested that and information given by Camille was unreliable and false because she told them and testified at the Grand Jury that I dragged her 2 blocks, pass my father, pass my cousin while she was yelling beat her up and raped her. (Indict 4166/87)

5.     That Theo came in and saved her from me raping her and Theo and myself was fighting over her. (Indict 4166/87)

6.   DA had its possession the following Brady Material, exculpatory evidence, their

ME report that clearly stated after a complete investigation, no signs of bruises, lacerations, no signs of force period. So they knew before I was arrested that that any allegations of fighting, force was unreliable. False. (Indict 4166/87)

7.    The DA its possession the following Brady Material, exculpatory evidence and Police: they spoke with Theo before I was arrested on multiple occasions and he told them Camille slept with me by consent and the story about him saving her from me and fighting over her is a lie. (Indict 4166/87)

8.    DA claims I plead Guilty to the rape of Stephanie Stevenson.

9.    DA told Federal Judge Sifton that I was arrested for raping her.

10.   I presented my rap sheet proving this never happened. This has never been challenged.

11.   Years later the DA changed their testimony to now say it was a secret Indictment. The law is clear that you cannot stand before any Judge absent a arrest and when secret Indictment happens, the Judge Must issue a warrant for your arrest, in which you must be re-photographed, re-fingerprinted and then brought before the Court.

12.   In my Plea allocution I was asked not 1 question about Stephanie Stevenson.

13.   No medical evidence as I have stated lets do a dna test

14.   No medical report

15.   I already told the Police from day 1 I slept with Camille without a condom and ejaculated in her. So the only reason for the Medical examiner was to verify if there was any signs of Force as Camille said happened. The DA always said in the arraignment hearing and in the Grand Jury hearing that I beat Camille up and raped her. Nothing about threats as to the reason for her allowing me to sleep with her.

16.   The Police had me strip in my house in front my Mother as I was a minor they

3

said. Shined flashlights on me. I had no scratches. Nothing. I told them sex was by cons

17.  The DA knew from the beginning that Camille was lying on me that I beat her up , dragged her and raped her. Her testimony was unreliable as it was refuted by their own Medical Examiner and Theo Gordon and Julian best who were friends to both of us, me and Camille.

18.  The law is crystal clear. When the DA knows that testimony that was false presented to the Grand Jury the Indictment must be dismissed, and the Court lacks jurisdiction over the defendant. It does not matter when they find out that the testimony was false.

19.  The DA had in its possession the following Brady Material, exculpatory evidence that they saw to it that would not be entered into evidence, and the Judges in their 440 Post Conviction decisions did not mention. That the 911 Tape and Report Brady, exculpatory Material Evidence and all was denied by Judge Douglas.

20.  Also the Lab report for the recovered gun was certified incorrectly and the Court of Appeals ruled until the DA the report corrected the indictment, the Court lacked jurisdiction over you. Along with every Judges Denial in the Post Conviction without a hearing, and being Silent about the contents of this Brady Material.

21.  So I could not even Appeal the denial of the 440 as they stage the record that I have no Material Official evidence to put on the record. So because of illegal legal maneuvering I have evidence in my possession for nearly 30yrs that has not been heard or offered or denied being offered on the record in any Court. In bringing this case the District Attorney's Office  and causing that Office to initiate a prosecution, they then failed to correct the Court on the false\perjured testimony and evidence presented, and disclose the false identification, or/and denied me the right of  Brady  Material even offered to be put into evidence record, Plaintiff Plead guilty, and causing Plaintiff to be sent away to State  prison.

4

22. When the District Attorney's Office ultimately learned about the withheld

*Brady* material, it had an obligation to disclose it and to remedy the injustice caused by its previous suppression. Instead, it first tried to cover it up. When this proved impossible, it then prolonged Plaintiff's incarceration by relying on the knowingly false claims.

23. Plaintiff seeks Declaratory and\or Injunctive relief because the individual ADA's and Judges non-compliance with Courts Ruling *Brady v. Maryland*, 373 U.S. 83 (1963), POVENTUD v. CITY OF NEW YORK, Docket No. 12–1011–cv. (2013),

## STATEMENT OF JURISDICTION

24. At all times herein mentioned, Plaintiff was a resident of the County of Kings, City and State of New York.

25.. At all times herein mentioned, All Defendants were acting under "Color of law"

26.. Defendant MARCIA PARKS ("Defendant PARKS"), was at all relevant times a ADA employed by the NY District Attorney. He is named here in his official and individual capacities.

27. Defendant LEONARD JOBLOVE ("Defendant JOBLOVE"), was at all relevant times a ADA employed by the NY District Attorney. He is named here in his official and individual capacities.

28. Defendant CAMILLE O'HARA GILLESPIE ("Defendant GILLESPIE"), was at all relevant times a ADA employed by the NY District Attorney. She is named here in his official and individual capacities.

29. Defendant GAMALIEL MARRERO ("Defendant MARRERO"), was at all relevant times a ADA employed by the NY District Attorney. He is named here in his official and individual capacities.

5

30.  Defendant DAVID WEINTRAUB ("Defendant WEINTRAUB"), was at all relevant times a ADA employed by the NY District Attorney. He is named here in his official and individual capacities.

31.  At all times material to this Complaint, the aforementioned individual Defendants acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York, and within the scope of their employment.

32.  The District Attorney's Office of Kings County is an agency of Kings County, a constituent county of the City of New York, and of the State of New York.

33.  The Former District Attorney and Assistant District Attorneys of Kings County are agents and employees of both Kings County and of the City of New York.


## INVESTIGATIONS THAT HAPPENED BEFORE LOCAL COURT ARRAIGNMENT

### The Investigation of the shooting at Austin Neptune

34.  The victim in the underlying criminal case was a from my understanding was infront his house with many people playing outside and 2 shooters, 6ft tall with mask ,1 wearing blue jacket black pants and the other wearing a red jacket grey started shooting at him. Same exact description given by atleast 5 witnesses who called as the shooters ran pass their house.

35.  Detectives came on the scene and no time did they radio in a different description from what they responded on the scene initially.

36.  I was released from Police Custody an hour away while the shooting was happening; I later was arrested down the block from the scene.

37.  I was arrested by police and a gun was recovered.

6

<u>Pre-arraignment Investigation</u>

38.    I told the Court that I was in Jail when the shooting happened and that the Police was saying I did not match the description of the shooters when they were discussing this at the station. I told them this before I stood before the Court for arraignment.

39.    The DA never investigated my claims or allows me to testify before the Grand Jury as I gave them notice in arraignment.

40.    Following Plaintiff s indictment, Plaintiff s counsel made a specific request of the prosecution to disclose whether any witness had "identified anyone other than defendant or codefendant as perpetrators of the crimes charged," and to disclose "all evidence and information . . . which may tend to exculpate defendant either by an indication of his innocence, or by potential impeachment of a witness to be called by the District Attorney within the meaning of *Brady v. Maryland,* 373 U.S. 83 (1963) and *People v. Rosario,* 9 N.Y.2d 286 (1961)."

41.    Under the *Brady* rule, the prosecution has a continuing obligation to correct the Court to Known false\perjured Testimony and\or evidence be presented. *Brady v. Maryland,* 373 U.S. 83

42.    Under the *Brady* disclosure rule, the prosecution has a continuing obligation to not suppress from the Court the offering Brady material information favoring the criminal defendant in the possession, custody or control of the District Attorney's Office or the NYPD, especially where the defendant specifically demands such disclosure. In a specific-demand case, the prosecutor's failure to disclose is likely to mislead the defense into assuming that such evidence does not exist, and thusthe prosecution's disclosure obligation is heightened.

43.    In addition, under the related *Rosario* rule, the prosecution has an obligation to disclose and allow the defense all prior recorded statements of each of its trial witnesses, so that

7

counsel for the accused may determine whether such statements may be used to cast doubt on the witness's testimony.

44.   So I know had to pay Attorney Debra Hoskins. They refused to have her revisit the Motion Attorney Dovid Klien filed, to inspect grand jury minutes and dismiss indictment. So we had the WADE Hearing and had Brady material evidence consisting of the 911 tape, 911 report that proved I never matched the description of any shooter, nor was there any onscene ID of me by anyone as the shooter and my rapsheet proving I was Police Custody when the shooting occurred. We were denied the right to use this material, Brady, exculpatory evidence, to impeach the Police offer testimony.

45.   This Brady, exculpatory evidence proved at the time of the shooting, I was nowhere near the scene and I did not match the description of any shooter.

46.   The police testified that the only reason he approached me was because of the complaining witness testimony. The police said I was just standing on the corner doing nothing. Officer testified that I was wearing a long white T-shirt down to my knees red logo on front.

47.   My clothing description in no way matched the description that the Police responded on the scene to. Descriptions that were given by 6 different witnesses whom called in to 911 as the shooting was occurring, nor did my height.

48.   Under Wade, Brady and Rosario I had the right to use the 911 Tape, Report and rapsheet to prove that I did not match the description of any shooter, that there was never any on scene  ID of me by anyone. To impeach the testifying officer's testimony, who by the way was the only person to testify at the Wade Hearing.

8

49.   I was denied the right to even lay a foundation in the Wade hearing to offer into evidence Brady Material that shows that I did not match the description of any shooter and at the time of the shooting I was in Police Custody

## INVESTIGATIONS THAT HAPPENED BEFORE LOCAL COURT ARRAINGMENT

### The Investigation of Arrest for Rape of Camille Moreano

50.   April 15th I slept with Camille by her consent. Theo Gordon came he spoke with her while she was still in bed.

51.   The next day Police came to my house claiming Camille said I beat her up, dragged her from the store 2 blocks way and raped her. They had me strip shined flashlights on me. I had no scratches. Nothing. Police asked and I told them yes I slept with Camille but did not rape her. They said they will be back.

52.   The DA called me and I told them the same story. The DA called Theo because Apparently Camille told them that Theo saved her. I was there for 2 of the calls at his house by the DA. Theo told him she told him sex was by consent and that the story about him saving her and us fighting over her was a lie. Police interviewed Theo as well several times in which he told them the same thing. Theo also testified to the same at Trial.

53.   2 weeks later I was arrested. DA had in its possession their Medical Examiner report proving no force. Theo testimony that Camille said sex was by consent and that she was lying when she told them that he saved her from me. Theo told this the DA and the Police on Several occasions before I was arrested.

54.   All evidence controverted all claims of rape. Nothing corroborated Camille claims. All evidence corroborated everything I told the Police and the DA yet still I

9

was arrested in violation of my Due Process Rights not to be arrested absent Probable Cause.

### The Investigation of the Rape of Stephanie Stevenson

55. No idea what is going on. I was never arrested nor questioned about anything to do with Stephanie Stevenson. I do not believe she ever filed a complaint.

56. Due Process clearly states before I am made to appear before any Judge I must be Arrested, Finger Printed and have my Photograph taken.

57. The DA alleges that in satisfaction of the Camille indictment I plead Guilty to Stephanie as well. This is impossible as I was never arrested.

58. I even offered DNA.

59. Due Process states that I can only be arrested based upon testimony that is Corroborated by independent evidence outside of the testimony given. No medical evidence, Witnesses or anything corroborated the alleged testimony given, so there was no Probable Cause in the meaning of Due Process.

60. Due Process of law states that you cannot have Probable Cause based upon uncorroborated statements made by 2 individuals. Each statement by each Individual must be independently corroborated by fact\evidence outside of their own statements.

### The Habeas Corpus in Federal Court and State Court 440 Post conviction Motions

61. I filed my Writ in Federal Court and PostConviction 440 on the grounds of Materially False testimony knowingly used against me in the Grand Jury Hearing. State Law clearly states this renders the indictment defective and until it is correct the Court is acting in excess of Jurisdiction. As well as no Probable Cause, and no jurisdiction and Brady Violations.

10

62.    Defects of a Jurisdictional nature survive a Guilty Plea as it is a non-waivable defect.

63.    Habeas Corpus in 1995 was filed in which the Prosecution deliberately lied to Judge Sifton stating that I was arrested for the rape of Stephanie Stevenson.

64.    This is where I 1st heard that I raped Stephanie Stevenson. My Writ had to do with Camille Moreno and the Shooting of Austin Neptune.

65.    This Writ was denied stating to exhaust my State Remedies. I subsequently filed (2) 440 Post Convictions which were denied. I was never given the evidence, Trial transcripts I requested. I was never given my Subpoena for Attorney Michael Warren as I requested. Judges decisions made no reference to the Brady Material I presented. So I had no grounds to Appeal the 440 Post Convictions as there was no record of the evidence I presented to the Court.

66.    I then filed another Writ that 1st went to Judge Izzarry whom recused herself. My Writ then went to Judge Cogan whom denied it for not alleging any Constitutional claims.

67.    I filed another Writ but it was denied because I was not in Custody.

68.    So until the Court of Appeals 2nd Circuit Decision stating that in this Circuit you do not have to 1st overturn your conviction to seek relief under USC 1983 as long as No Malice alleged and was based on *Brady v. Maryland*, 373 U.S. 83 violations, I was in Legal Limbo. *Marcos POVENTUD, Plaintiff–Appellant, v. CITY OF NEW YORK; Robert T. Johnson, in his official capacity as District Attorney for Bronx County; Frankie Rosado,*

11

*Kenneth Umlauft, Christopher Dolan, and Daniel Toohey, individually and as members of the New York City Police Department, Defendants–Appellees. Docket No. 12–1011–cv. Decided: April 19, 2013*

69.  I was denied Without a Hearing in both 11047/90 and 4166/87 Post Conviction, CPL 440 Motions 3x. The 2nd Circuit ruled this is a denial of Due Process and a Unreasonable Determination. See Exhibit E page 39, Paragraphs 54 and 55.

## FACTS COMMON TO BOTH INDICTMENTS

70.  Use of Material false testimony\evidence used in investigation phase seeking to find out if probable exist that I commit the crime in the Pre-arraignment phase and before the Grand Jury renders the Indictment Jurisdictional Defective and once discovered by the Prosecution they are preceding in excess of Jurisdiction and violating my Due Process Rights, until defect is cured.

71.  Gun Lab Report not certified in according to Rodney J renders the Indictment a legal Nullity and the Prosecution is acting in excess of Jurisdiction and violating my Due Process Rights until the Indictment is corrected.

72.  Due Process Violation they suppress Material Brady Material from being entered into the Record.

73.  Due Process Violation to deny me the right to lay a foundation to Offer to the Judge to put Material Brady Material into evidence. The denial of the right to offer putting Brady Material into evidence would leave a record that is reviewable of the evidence.

74.  Denial of Due Process to remove Material Brady Material from Court File and or Record.

75.  Denial of Due Process for the Judge in its decision not to state what evidence or

12

that you presented evidence to the Court in its decision.

76.   Only evidence presented by the Prosecution was Evidence they knew was false before my arrest because they had their Medical Examiner Report and on several occasions interviewed Theo Gordon and Julian Best before my arrest.

77. The Evidence inculpated someone else in the case of the shooting (Indict 11047/90)

## BRADY VIOLATIONS POST CONVICTION BOTH CASES

*We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland 373 U.S. 83*

78.   I was denied the right to offer to the Court Brady Material to put on record in my Post Conviction for Stephanie Stevenson my Rapsheet proving that I never was arrested not questioned for any crime. DA said there was no Medical Evidence. The law is clear that I cannot be charged with a crime absent an arrest. So I could not have been indicted. This is a direct Brady Violation. I made the request to use Brady Material when I filed my Post Conviction Motions to the Court and in Federal Court Writ. I filed the evidence as Exhibits in my Motions. I was never given a evidentiary hearing. Always denied without a hearing. With no mention of the evidence I filed with the Court, so I could not get any Appellate Review. Evidence\Facts not on the record in the lower Court cannot be 1st raised on Appeal.

79.   I was denied the right to offer to the Court Brady Material to put on record in my Post Conviction for Camille Moreno the fact that Theo Gordon testified, Julian Best Testified and the DA Medical Examiner. They all testified that there was no force and in the case of Theo Gordon he testified that Camille was lying that he saved her from me. All evidence directly controverted all Camille's claims of rape and the ME was the DA's own witness. I made the

13

request to use Brady Material when I filed my Post Conviction Motions to the Court and in Federal Court Writ. I filed the evidence as Exhibits in my Motions. I was never given a evidentiary hearing. Always denied without a hearing. With no mention of the evidence I filed with the Court, so I could not get any Appellate Review. Evidence\Facts not on the record in the lower Court cannot be 1st raised on Appeal.

  (a) The DA removed from the Court file as witness their Medical Examiner, Theo Gordon and Julian Best.

  (b) Had I not purchased these Trial Minutes with the Exception of Julian Best which I did not purchase before the DA got to her *I would have absolutely no evidence to prove my claims against Camille Moreno.*

80.  I was denied the right to offer to the Court Brady Material to put on record in my Post Conviction for Camille Moreno the fact that the Evidence showed that Cammile testified in the Grand Jury that I beat her up and raped her and she fought me every step of the way. The DA had all of the evidence in paragraph 78 above before I was arrested. So they knew her testimony was False yet still brought it before the Court and Charged me. This was proven when Attorney Michael Warren was trying to Cross examine Camille on what she told the Grand Jury and she admitted and testified to the fact she never submitted and she fought me until the bitter end until Theo came and saved her. Never submission because of alleged threats of violence or gang rape. I made the request to use Brady Material when I filed my Post Conviction Motions to the Court and in Federal Court Writ. I filed the evidence as Exhibits in my Motions. I was never given a evidentiary hearing. Always denied without a hearing. With no mention of the evidence I filed with the Court, so I could not get any Appellate Review. Evidence\Facts no on the record in the lower Court cannot be 1st raised on Appeal.

81.  I was denied the right to offer to the Court evidence to put on record in my Post Conviction for the Attempted Murder Indictment 11047/90 the 911 tape and record that would

14

have shown I did not match the description of any shooter nor was there any onscene Identification any anyone of me as the shooter. Nor was I allowed to offer into evidence my Rapsheet that would have shown at the time of the shooting I was in Police Custody.

      (a) The denied me the right to offer to the Court to put into Evidence My Attorney Dovid Klien Motion to dismiss and to inspect Grand Jury Minutes due to the fact I did not match the description of any shooter and the 911 tape and Record proved this and the fact there was never any On scene Id show-up, me being ID as the shooter by anyone and the 911 report and 911 tape proved this as well

      .(b) All Brady material spoken of herein for both case 11047/90 and 4166/87 I was served on Defendants in All Federal Habeas Corpus and State Post Conviction Proceeding and are still in my possession. They will be Provided again to this Court in Discovery Phase or before when the Defendants Motion to Dismiss is filed and I answer.

## FIRST CAUSE OF ACTION

(POVENTUD/42 U.S.C. §1983; Denial Of Due Process Clause of the 4th Amendment. Brady Violation . All Individual Defendants acting under color of law)

82.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 81 as if fully set forth herein

83. It is a violations 4th Amendment to knowingly use false testimony and\or evidence to obtain warrants and\or affidavits and making materially false statements in affidavits  to the Court. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

84. It is a violations 4th Amendment for the DA to not bring to the Courts attention when material false\perjured testimony and\or evidence is presented to it. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

85. Defendants always acting under color of law used false Testimony to secure Affidavits to arrest and charge me and hold me other for Indictment and used same false

testimony to secure indictment.

86. Prior to Plaintiff's conviction in 1991, and continuing thereafter, the Individual Defendants, acting individually and in concert all under Color of Law and with one another, covered up, lied and withheld knowledge from the Court Record, the *"Brady* material", which proved I did not match the description of any shooter nor was I ever ID as a shooter by anyone. The DA knew any testimony that I was ID as the shooter or that I matched the description of any shooter was false because they admitted I didn't match the description of the shooter in my hearing, because they are the ones who gave my lawyer Dovid Klien the 911 tape and Report which proved I did not match the description of any shooter. In addition to the fact at the time of the shooting I was in Police Custody. Gun Lab Report proving is not certified in requirements of People v. Wheeler cause the indictment to be jurisdictional defective and must be dismissed and a new indictment filed.

87. The Individual Defendants acting under Color of law knew they had duties, under the United States Constitution as well as the laws and regulations of the State and the City of New York, (a) to Correct the Court to false\perjured testimony and\or evidence (b) not suppress the *Brady* material to the Court so that the latter could offer it to the Court to be put on the Court record and would not be caused to bring about the conviction of Plaintiff based upon false, misleading, or incomplete evidence and argument, (c) under the unique circumstances of this case, to not suppress from the Court record the *Brady* material, and/or (d) to make truthful statements to the Court concerning the existence of the *Brady* material and not to cause or continue Plaintiff's unconstitutional conviction and resultant injuries by lying about such evidence.

88.    If the defendants did not violated my rights under Brady, which is guaranteed by the 4th amendment to alert the Court to False\Perjured testimony and false evidence, the fact that the

16

911 report and tape proved not only did I not match the height or clothing description of any shooter and it also proved that I was never ID as the shooters by anyone I would never have been arrested ,charged and indicted for attempted Murder and reckless endangerment. Nor would I have Loss of Liberties.

## SECOND CAUSE OF ACTION

(POVENTUD/42 U.S.C. §1983; Denial Of Due Process Clause of the 4th Amendment. Brady Violation. All Individual Defendants acting under color of law)

89.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 88  as if fully set forth herein

90. It is a violations 4th and Amendment to knowingly use false testimony and\or evidence to obtain warrants and\or affidavits and making materially false statements in Affidavits to the Court . Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

91. It is a violations 4th Amendment for the DA to not bring to the Courts attention when material false\perjured testimony and\or evidence is presented to it. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

92. Defendants always acting under color of law used false Testimony to secure Affidavits to arrest and charge me and hold me other for Indictment and used same false testimony to secure indictment.

93. Defendants acting under color of law had me arrested and charged based on testimony they knew was false. Not only did they interview everyone who told them Camille was lying but their own (DA) Medical Examiner told them there was no Rape. After a complete examination no signs of bruises, lacerations, or trauma to Camille body.

17

94. Knowing all of this the DA still told the Court how I beat Camille up and raped her and that she fought me off but I over powered her. They said this in every proceeding and Camille testimony was the same.

95. The Individual Defendants acting under Color of law knew they had duties, under the United States Constitution as well as the laws and regulations of the State and the City of New York, (a) to Correct the Court to false\perjured testimony and\or evidence (b) not suppress the *Brady* material to the Court so that the latter could offer it to the Court to be put on the Court record and would not be caused to bring about the conviction of Plaintiff based upon false, misleading,  or incomplete evidence and argument, (c) under the unique circumstances of this case, to  not suppress from the Court record the *Brady* material, and/or (d) to make truthful statements to  the Court concerning the existence of the *Brady* material and not to cause or continue Plaintiff s unconstitutional conviction and resultant injuries by lying about such evidence.

96    If the defendants did not violated my rights under Brady, which is guaranteed by the 4th amendment to alert the Court to False\Perjured testimony and false evidence, the fact that  all witnesses told them I did not rape Camille. Theo Gordon whom Camille told the Police came and saved her told them that never happened. The DA's own Medical Examiner told them there was no Rape. Had the DA followed the procedures the Court laid out in Brady v. Maryland, 373 U.S. 83 (1963), I would never have been arrested, charged and indicted for Rape, Nor would I have Loss of Liberties.

18

## THIRD CAUSE OF ACTION

(POVENTUD/42 U.S.C. §1983; Denial Of Due Process Clause of the 4th
Amendment. Brady Violation. All Individual Defendants acting under color of law)

97.  Plaintiff repeats and realleges each and every allegation contained in paragraphs

1 through 96 as if fully set forth herein

98. It is a violations 4th and Amendment to knowingly use false testimony and\or

evidence to obtain warrants and\or affidavits and making materially false statements in

Affidavits to the Court . Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373

U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

99. It is a violations 4th Amendment for the DA to not bring to the Courts attention

when material false\perjured testimony and\or evidence is presented to it. Franks v. Delaware,

438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264

(1959)

100. Defendants always acting under color of law used false Evidence  to Present to

the Court that I plead guilty to Raping Stephanie Steveson.

101. Defendants acting under color of law presented evidence that I was arrested for

rape against Stephanie Stevenson, Attorney Michael Warren put I a severance Motion, that I

was indicted for Stephanie Stevenson and that I plead Guilty.

102. The DA knew this was false and still signed and presented affidavits to the

Court both State and Federal. The DA knew this was false because they knew I was never

arrested for anything, at anytime for a February Crime Date. Since I was never arrested it is

impossible that I was charged, or Plead Guilty. I was never arrested so there would be no

reason for Attorney Michael Warren to file a severance Motion.

103. The Individual Defendants acting under Color of law knew they had duties,

under the United States Constitution as well as the laws and regulations of the State and the City of New York, (a) to Correct the Court to false\perjured testimony and\or evidence (b) not suppress the *Brady* material to the Court so that the latter could offer it to the Court to be put on the Court record and would not be caused to bring about the conviction of Plaintiff based upon false, misleading, or incomplete evidence and argument, (c) under the unique circumstances of this case, to not suppress from the Court record the *Brady* material, and/or (d) to make truthful statements to the Court concerning the existence of the *Brady* material and not to cause or continue Plaintiff's unconstitutional conviction and resultant injuries by lying about such evidence.

104.   If the defendants did not violated my rights under Brady, which is guaranteed by the 4th amendment to alert the Court to False\Perjured testimony and false evidence, the fact that I was never arrested for any Crime against Stephanie Stevenson the DA would not be telling any Court that I plead guilty to any Crime against Stephanie Stevenson, nor would I have 2 counts of anything on my Rap Sheet. the DA followed the procedures the Court laid out in Brady v. Maryland, 373 U.S. 83 (1963), I would not have 2 counts of any sex crime on my rap sheet or this being brought up in any Court against me, Nor would I have Loss of Liberties.

## FOURTH CAUSE OF ACTION

(POVENTUD/42 U.S.C. §1983; Denial Of Due Process Clause of the 14th Amendment. Brady Violation. All Individual Defendants acting under color of law)

105. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 104 as if fully set forth herein

106. We now hold that the suppression by the prosecution of evidence favorable to

20

an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland 373 U.S. 83

107. It is a violations 14th Amendment to knowingly use false testimony and\or evidence to obtain warrants and\or affidavits and making materially false statements in affidavits to the Court. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

108. It is a violations 14th Amendment for the DA to not bring to the Courts attention when material false\perjured testimony and\or evidence is presented to it. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

109. *United States v. Bagley* (U.S. 1985): Refined *Brady* by holding that a prosecutor's duty to disclose material favorable evidence exists regardless of whether the defendant makes a specific request. The Court said "favorable evidence" is "material" if there is a reasonable probability that disclosure of the evidence would have produced a different outcome. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."

110. *Leka v. Portuondo*(2nd Cir. 2001): *Brady* violation because off-duty policeman's undisclosed observations would have contradicted testimony of other witnesses.

*111. Disimone v. Phillips* (2nd Cir. 2006): *Brady* violation because exculpatory statement would have allowed the defense to investigate another party's involvement.

112. Defendants always acting under color of law used false Testimony to secure Affidavits to arrest and charge me and hold me other for Indictment and used same false testimony to secure indictment.

21

113. Prior to Plaintiff's conviction in 1991, and continuing thereafter, the Individual

Defendants, acting individually and in concert all under Color of Law and with one another,

covered up, lied and withheld knowledge from the Court Record, the *"Brady* material", which

proved I did not match the description of any shooter nor was I ever ID as a shooter by anyone. The

DA knew any testimony that I was ID as the shooter or that I matched the description of any shooter

was false because they admitted I didn't match the description of the shooter in my hearing, because

they are the ones who gave my lawyer Dovid Klien the 911 tape and Report which proved I did not

match the description of any shooter. In addition to the fact at the time of the shooting I was in Police

Custody. Gun Lab Report proving is not certified in requirements of People v. Wheeler cause the

indictment to be jurisdictional defective and must be dismissed and a new indictment filed.

114. The Individual Defendants acting under Color of law knew they had duties,

under the United States Constitution as well as the laws and regulations of the State and the

City of New York, (a) to Correct the Court to false\perjured testimony and\or evidence (b)

not suppress the *Brady* material to the Court so that the latter could offer it to the Court to be

put on the Court record and would not be caused to bring about the conviction of Plaintiff

based upon false, misleading, or incomplete evidence and argument, (c) under the unique

circumstances of this case, to not suppress from the Court record the *Brady* material, and/or

(d) to make truthful statements to the Court concerning the existence of the *Brady* material and

not to cause or continue Plaintiff's unconstitutional conviction and resultant injuries by lying

about such evidence.

115. Defendants denied me the right to offer this Brady material to the Court in my

Wade Hearing and again in my Post Conviction Proceeding. So could not even get grounds for

Appeal as the Court is silent on this Brady material because I was denied to offer it to the Court to be put on the record.

116.   If the defendants did not violated my rights under Brady, which is guaranteed by the 14th amendment to alert the Court to False\Perjured testimony and false evidence, the fact that the 911 report and tape proved not only did I not match the height or clothing description of any shooter and it also proved that I was never ID as the shooters by anyone and allowed me to use it in my WADE Hearing to impeach testimony as is guaranteed by Due Process I would have this case dismissed. Nor would I have Loss of Liberties.

**FIFTH CAUSE OF ACTION**

(POVENTUD/42 U.S.C. §1983; Denial Of Due Process Clause of the 14th Amendment. Brady Violation. All Individual Defendants acting under color of law)

117. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 116 as if fully set forth herein

118. We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland 373 U.S. 83

119.   It is a violations 14th Amendment to knowingly use false testimony and\or evidence to obtain warrants and\or affidavits and making materially false statements in affidavits to the Court. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

120. It is a violations 14th Amendment for the DA to not bring to the Courts attention when material false\perjured testimony and\or evidence is presented to it. Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264

23

(1959)

121. *United States v. Bagley* (U.S. 1985): Refined *Brady* by holding that a prosecutor's duty to disclose material favorable evidence exists regardless of whether the defendant makes a specific request. The Court said "favorable evidence" is "material" if there is a reasonable probability that disclosure of the evidence would have produced a different outcome. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."

122. Defendants always acting under color of law used false Testimony to secure Affidavits to arrest and charge me and hold me other for Indictment and used same false testimony to secure indictment.

123. Defendants acting under color of law had me arrested and charged based on testimony they knew was false. Not only did they interview everyone who told them Camille was lying but their own (DA) Medical Examiner told them there was no Rape. After a complete examination no signs of bruises, lacerations, or trauma to Camille body.

124. Knowing all of this the DA still told the Court how I beat Camille up and raped her and that she fought me off but I over powered her. They said this in every proceeding and Camille testimony was the same.

125. Defendants denied me the right to offer this Brady material to the Court in my Post Conviction Proceeding. So could not even get grounds for Appeal as the Court is silent on this Brady material because I was denied to offer it to the Court to be put on the record.

126. The Individual Defendants acting under Color of law knew they had duties, under the United States Constitution as well as the laws and regulations of the State and the City of New York, (a) to Correct the Court to false\perjured testimony and\or evidence (b)

24

not suppress the *Brady* material to the Court so that the latter could offer it to the Court to be put on the Court record and would not be caused to bring about the conviction of Plaintiff based upon false, misleading, or incomplete evidence and argument, (c) under the unique circumstances of this case, to not suppress from the Court record the *Brady* material, and/or (d) to make truthful statements to the Court concerning the existence of the *Brady* material and not to cause or continue Plaintiff s unconstitutional conviction and resultant injuries by lying about such evidence.

      127.  If the defendants did not violated my rights under Brady, which is guaranteed by the 14th amendment to alert the Court to False\Perjured testimony and false evidence, and to not suppress Brady Material from the Court .I would have this case dismissed. Nor would I have Loss of Liberties.

      128. In Particular, Judge Weinstein, if this is his name my memory may be wrong on the Judges name, told the Prosecution that he is going to dismiss my case if the next time I come to Court and they present to no evidence that supports what they are telling the Court. The DA brought to the Court the Serology report showing semen was found.

      129. The DA suppressed this Brady Material at this time, from the Court the Complete Medical file where the DA's ME said after a complete examination no signs of bruising, lacerations and or trauma. My case would have been dismissed had we had this to bring to the Court or the DA would have followed the policies of the Court ruling in Brady v. Maryland, 373 U.S. 83, that false testimony and\or exculpatory evidence is to be presented to the Court my case would have been dismissed.

      130. The defendants intended and caused such "Brady Evidence" not to be offered to be put on the record my DOCS Rap sheet, caused the alleged Rape of Stephanie Stevenson to be used

against Plaintiff in criminal proceedings, without me being questioned or arrested. They denied me

the right to offer to the Court my DOCS Rap Sheet Proving never any arrest for a February Crime

Date, Nor any Medical Evidence thereby causing his alleged indictment, and conviction,

disposition not in his favor, loss of liberty, and other injuries.

131.   The defendants intended and caused such "Brady Evidence" not to be put on the

record in Plaintiffs criminal proceedings, thereby causing his wrongful arrest, indictment, and

conviction, loss of liberty, and other injuries

132. The defendants intended and caused the alleged Rape of Camille Moreno to be used

against Plaintiff in criminal proceedings, knowing full well the claims was false, because they had

their Medical Examiner whom told them there were no signs of rape, also they had Theo Gordon's

testimony before my arrest as well, and he told them he never fought with me over Camille  as

Camille told them and that sex was by consent, thereby causing his arrest, indictment, and

conviction, disposition not in his favor, loss of liberty, and other injuries

The defendants caused such "Brady Evidence" not to be put on the record in Plaintiffs

criminal proceedings, thereby causing his wrongful arrest, indictment, and conviction, loss of

liberty, and other injuries

### SIXTH CAUSE OF ACTION

(POVENTUD/42 U.S.C. §1983; Denial Of Due Process Clause of the 14th
Amendment. All Individual Defendants acting under color of law)

133. Plaintiff repeats and realleges each and every allegation contained in paragraphs

1 through 132 as if fully set forth herein

134. It is a violations 4th and Amendment to knowingly use false testimony and\or

evidence to obtain warrants and\or affidavits and making materially false statements in

26

Affidavits to the Court . Franks v. Delaware, 438 U.S. 154 (1978), Brady v. Maryland, 373

U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264 (1959)

135. It is a violations 4th Amendment for the DA to not bring to the Courts attention

when material false\perjured testimony and\or evidence is presented to it. Franks v. Delaware,

438 U.S. 154 (1978), Brady v. Maryland, 373 U.S. 83 (1963), Napue v. Illinois, 360 U.S. 264

(1959)

136. Defendants always acting under color of law used false Evidence  to Present to

the Court that I plead guilty to Raping Stephanie Steveson.

137. Defendants acting under color of law presented evidence that I was arrested for

rape against Stephanie Stevenson, Attorney Michael Warren put I a severance Motion, that I

was indicted for Stephanie Stevenson and that I plead Guilty.

138. The DA knew this was false and still signed and presented affidavits to the

Court both State and Federal. The DA knew this was false because they knew I was never

arrested for anything, at anytime for a February Crime Date. Since I was never arrested it is

impossible that I was charged, or Plead Guilty. I was never arrested so there would be no

reason for Attorney Michael Warren to file a severance Motion.

139. The Individual Defendants acting under Color of law knew they had duties,

under the United States Constitution as well as the laws and regulations of the State and the

City of New York, (a)  to Correct the Court to false\perjured testimony and\or evidence (b)

not suppress the *Brady* material to the Court so that the latter could offer it to the Court to be

put on the Court record and would not be caused to bring about the conviction of Plaintiff

based upon false, misleading,  or incomplete evidence and argument, (c) under the unique

circumstances of this case, to  not suppress from the Court record the *Brady* material, and/or

(d) to make truthful statements to  the Court concerning the existence of the *Brady* material and

27

not to cause or continue Plaintiff's unconstitutional conviction and resultant injuries by lying about such evidence.

140.   DA never allowed me to present the fact I was never arrested for anything to do with Stephanie. I was denied the right to use my Rap sheet to contradict all allegations of this ion my Post Conviction case. This Brady Material proved I was never arrested for any Feb Crime Date and I was never arrested on\for 2 counts of rape.

141.   If the defendants did not violated my rights under Brady, which is guaranteed by the 4th amendment to alert the Court to False\Perjured testimony and false evidence, the fact that I was never arrested for any Crime against Stephanie Stevenson the DA would not be telling any Court that I plead guilty to any Crime against Stephanie Stevenson, nor would I have 2 counts of anything on my Rap Sheet. the DA followed the procedures the Court laid out in Brady v. Maryland, 373 U.S. 83 (1963), I would not have 2 counts of any sex crime on my rap sheet or this being brought up in any Court against me, Nor would I have Loss of Liberties.

## SIXTH CAUSE OF ACTION

### (POVENTUD/42 U.S.C. §242;  WILLFUL DEPREVATION OF MY RIGHTS. All Individual Defendants acting under color of law)

142. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 141 as if fully set forth herein

142. This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

28

143. If this Court rules again that defendants do not have to respond due to Absolute Immunity Protection then count Sixth will be proceeded with because under this Section of Law defendants cannot hide behind Immunity and must answer to the Complaint.

144.  Defendants acting under Color of Law willfully denied me my rights under Brady and the 4th and 14th Amendment in that they knowingly used false evidence\testimony to obtain affidavits to support my arrest and charges for crime they knew I did not do.

145. Defendants acting under color of law then denied me the right to offer to the Court to be put on the record this same Brady material that proved I did not do the crimes I was charged with and that there was no evidence to support my arrest for these crimes complained about in this Complaint. And, in the case of Stephanie Stevenson convicted of a crime against her without any arrest or charge and the DA said no medical evidence that sex even happened.


Respectfully Submitted under all penalties of perjury


Patrick George Pro Se -718 5931070
1426 E 98th Street
Brooklyn, NY 11236

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Patrick George


                        Plaintiff,                          **Affirmation of Service**

            -against-
CITY OF NEW YORK ET, AL.
                                                    15____ CV 0312____ ( JBC )

                        Defendant.
_____ X



    I, Patrick George_____ , declare under penalty of perjury that I have

served a copy of the attached  Amended Complaint and Notice of Motion rule 59 & 60_____

upon  ADA CAMMILE O'HARA GILLISPIE, ADA LEONARD JOBLOVE, ADA GAMALIEL MARRERO___

whose address is:  350 JAY STREET, BROOKLYN, NY 11201_____

KINGS COUNTY DISTRICT ATTORNEY OFFICE_____

Dated: 2/17/15_____
    Brooklyn____ , New York

                                   _____
                                   Signature

                                   1426 E 98TH STREET_____
                                   Address

                                   BROOKLYN, NY 111236_____
                                   City, State, Zip Code